IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOHN CARTER,**
8836 West Dosie Ave,
Greenfield, WI 53228

        **Plaintiff,**                                  Case No. 17CV1113

    v.

                                                        **Jury Trial Demanded**

**AMERICAN AIRLINES, INC.**
P.O. Box 619616
DFW Airport, TX 75261-9616

      and

**MILWAUKEE COUNTY**

        **Defendants,**

## COMPLAINT

Plaintiff, John Carter ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against American Airlines, Inc. and Milwaukee County (collectively "Defendants") and sues for declaratory and injunctive relief, punitive damages, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181 *et seq.*, and the 2010 Americans with Disabilities Act (ADA), Wisconsin Statutes §106.52, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§1331 for Plaintiff's claims arising under 42 U.S.C. §12181 *et seq*., based on the Defendant's continued violation of Title II and Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the lawsuit occurred in Milwaukee County, Wisconsin.

## PARTIES

3. Plaintiff, John Carter, is a resident of the state of Wisconsin, residing in Greenfield, Wisconsin, and is otherwise *sui juris*.

4. Upon information and belief, Defendants operate a business on the Real Property, which is subject to this suit, and is located at 5300 South Howell Avenue, Milwaukee, WI. ("Premises").

5. Defendant American Airlines, Inc. has been duly licensed by the Civil Aeronautics Board to operate common carrier airplanes for the transportation of passengers for the use of General Mitchell Field and the Administration Building located thereon in the conduct of their business as common carriers of passengers.

6. Defendant Milwaukee County owns the real property which is subject to this suit.

7. Defendant American Airlines, Inc. entered into a contract with Milwaukee County to lease a portion of the real property which is subject to this suit.

## FACTS

8. Plaintiff is a former Marine. Upon leaving the Marine Corps, Plaintiff began working as a peace officer in Milwaukee.

9. While working as a peace officer in Milwaukee, Plaintiff suffered a gunshot wound to the face which caused permanent damage to his vision, blinding him in both eyes.

10. Plaintiff later became an advocate and representative of the Wisconsin chapter of the Blinded Veterans Association.

11. Plaintiff has been, and will continue to be, required to travel throughout the United States in support of the Blinded Veterans Association.

12. Plaintiff has, and will continue to be, required to travel throughout the United States for personal obligations not related to work.

13. At the time of Plaintiff's initial attempts to utilize the Premises (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required, but did not receive, additional assistance to navigate the Premises, especially when traveling alone and arriving by taxi.

14. Plaintiff often takes a taxi to the airport. The taxi driver is not allowed to leave the vehicle curbside and assist Plaintiff to the ticketing counter due to security guidelines implemented after September 11, 2001.

15. Upon leaving the taxi, Plaintiff is required to self-navigate through the entrances of the airport.

16. Once inside the airport, Plaintiff is required to self-navigate to the ticket counter, often having to deal with various rope barriers used by airlines to form passenger lines.

17. This self-navigation is extremely difficult due to Plaintiff's complete and disabling blindness.

18. Due to the violations on the Premises, Plaintiff is denied full and equal access of the facilities, services, goods, and amenities within the Premises, even though Plaintiff is classified as a "bona fide patron" as defined by ADA.

19. Plaintiff will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have disabilities. Due to the proximity of the airport to Plaintiff's residence, Plaintiff's continued need to travel by airplane for work and pleasure, Plaintiff has utilized the airlines services numerous times in past years, and plans to continue to use the services offered at this airport on an annual basis, if not more frequently.

20. Under the federal ADA law, both the lessor and lessee are responsible for bringing the place of public accommodation into compliance.

21. Title II of the ADA prohibits discrimination by public entities, such as Milwaukee County.

22. Title III of the ADA prohibits discrimination by public accommodations, such as Defendant American Airlines, Inc.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-22 of this Complaint as if fully set forth herein.

24. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.* Commercial enterprises were provided one and a half (1.5) years

from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

25. Congress found, among other things, that:
    a. some 43,000,000 American have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
    b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
    c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
    d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and
    e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to

5

pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3),(5) and (9).

26. Congress explicitly stated that the purpose of the ADA was to:
    a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;
    b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
    c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendants' Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The Premises, which is the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.
28. Defendants have discriminated, and continue to discriminate, against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the

6

Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 *et. seq.*, and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

29. Plaintiff has attempted to visit the Premises and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

30. Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendants' failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural and policy barriers that are in violation of the ADA.

31. Defendants are in violation of 42 U.S.C. §12182 *et. seq.* and the 2010 American Disabilities Act Standards *et. seq.*, and is discriminating against Plaintiff as a result of, *inter alia*, for the specific violations:
    a. Failure to provide a means of entry for persons with disability such as auxiliary aids or tape recordings directing blind individuals to the ticket counter;
    b. Failure to change Defendants policy allowing for escorts to assist customers from the curbside instead of only being responsible after the customer has reached the ticket counter;
    c. Failure to provide any other means of assistance removing the barrier encountered at the curbside by a blind individual, all of which are readily achievable.

32. Defendants may have additional violations not yet discovered by Plaintiff. Plaintiff was knowledgeable of this violation due to his past experiences and troubles entering an airport and getting to the airlines ticket counter.

7

Case 2:17-cv-01113-JPS   Filed 08/11/17   Page 7 of 10   Document 1

33. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 26 above.

34. Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendants aware of same.

35. To date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

36. Pursuant to the ADA, 42 U.S.C. §12101 *et. seq.*, and 28 CFR §36.304, Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendants have failed to comply with this mandate.

37. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

38. The above violations are readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

39. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF WISCONSIN STATUTES §106.52**

40. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-39 of this Complaint as if fully set forth herein.

41. As a result of the medical condition, Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities such that he is an individual with a disability within the meaning of Wisconsin Statutes §§ 106.50, 106.52.

42. The Premises is a public place of accommodation, within the meaning of Wisconsin Statutes § 106.52.

43. Defendants denied Plaintiff the full and equal enjoyment of a public place of accommodation because of the disability.

44. By denying Plaintiff full and equal enjoyment of a public place of accommodation, Defendants violated Wisconsin Statutes §106.52.

45. Defendants refused to acknowledge the discrimination by responding to Plaintiff's requests for policy updates allowing the services provided at the ticket counters be extended to the curbside, or any number of possible remedies to remove the barrier Plaintiff faces, and willfully continues to discriminate against individuals with disabilities.

**WHEREFORE**, Plaintiff demands judgement against Defendants and requests the following relief:

1. This Court enter an injunction against Defendants preventing them from discriminating against Plaintiff based on his disability;

2. This Court enter an Order requiring Defendants to alter its facilities or the policies within the facility to make them accessible to, and useable by, individuals with disabilities to the full extent required by Title II and Title III of the ADA;

3. This Court enter an Order directing Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendants to undertake and complete corrective procedures to the Premises;

4. This Court assess punitive damages pursuant to Wisconsin Statutes § 106.52(4)(e)1;

5. This Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and

6. This Court award such other and further relief as it may deem necessary, just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters as to which he is entitled by law.

Respectfully submitted this 11th day of August 2017,

        **Levine Lyon LLP**
        *Attorneys for Plaintiff*
        14 West Mifflin Street, Suite 206
        Madison, Wisconsin 53703

BY:

        *[signature: Brent Eisberner]*

        Brent Eisberner
        brent@levinelyon.com
        Wisconsin Bar Number: 1098038